IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SARITA WHITTINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES, *et al.*,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:19-cv-00984-DBB-CMR<br><br>Judge David B. Barlow<br>Magistrate Cecilia M. Romero |

The matter before the court is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) by Judge David B. Barlow (ECF 36). Pursuant to Rule 7-1(f) of the Rules of Practice ("Local Rules") for the United States District Court for the District of Utah, the court concludes that oral argument is not necessary and issues this Report and Recommendation on the basis of the written memoranda. After review of the relevant pleadings,[1] the undersigned recommends the court dismiss Plaintiff's Complaint (ECF 1) for lack of jurisdiction and deny Plaintiff's Motion for Leave to File an Amended Complaint (ECF 63).

---

[1] Defendants Maxway Inc. and the United States filed substantive motions to dismiss (ECF 14 & 58). Defendants Penske Truck Leasing Co. LP, Matthew Shumway, and Maxway Freight, LLC, filed motions to join in Maxway Inc.'s dismissal motion (ECF 16, 48, 49). None of the joinder motions have any additional argument beyond incorporating by reference Maxway Inc's motion. The court therefore focuses its analysis on Mayway Inc's and the United States' motions.

I. BACKGROUND

On December 19, 2019, Plaintiff Sarita Whittington ("Plaintiff" or "Ms. Whittington"), appearing pro se, filed her initial Complaint against defendants Matthew Shumway ("Shumway"), the United States Postal Service, Maxway Inc. ("Mayway"), Maxway Freight LLC ("Maxway Freight"), Penske Truck Leasing Corp., Penske Truck Leasing Co. LP, Penske Truck Leasing "Utah" Co. L.P. and John Does, alleging various tort claims based on theories of negligence under the Federal Tort Claims Act ("FTCA") for damages and injuries resulting from a 2017 traffic collision (ECF 1). Shortly after filing the Complaint, by stipulation of the parties, the United States was substituted as a defendant for the United States Postal Service (ECF 46).

In response to the Complaint, Maxway filed a Motion to Dismiss for Lack of Jurisdiction ("Maxway's Motion") (ECF 14). Defendant Penske Truck Leasing Co. LP ("Penske") filed an Answer to the Complaint (ECF 15) and a Motion for Judgment on the Pleadings (ECF 16), which joins and adopts Maxway's Motion.[2] After being put on notice of deficiency in their initial responsive pleadings (ECF 39), Defendants Shumway and Maxway Freight filed respective Motions to Dismiss for Lack of Jurisdiction in which they also join and adopt Maxway's Motion (ECF 48, 49). In joining in Maxway's Motion, Defendants Shumway, Maxway Freight, and Penske raise no additional arguments for dismissal but merely indicate

---

[2] It is unclear if Defendants Penske Truck Leasing Corporation and Penske Truck Leasing "Utah" Co. L.P. made an appearance in this case, as the joinder motion filed by Penske Truck Leasing Co. LP does not reference any other entity (ECF 16). It is conceivable the Answer (ECF 15) and motion (ECF 16) submitted by Penske Truck Leasing Co. LP was intended to answer for all Penske entities, as Plaintiff's Complaint alleges some are just the registered business names and defines all three Penske defendants as "Defendants Penske" (ECF 1 ¶¶ 7-10), but it is not clear to the court if that is the case. In any event, as explained below, this issue is immaterial to the resolution of the jurisdictional issues before the court.

2

each adopts the arguments set out in Maxway's Motion.  Substitute Defendant United States ("United States") responded to Plaintiff's Complaint by filing a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) alleging this court lacks subject matter jurisdiction ("United States' Motion") (ECF 58).

Plaintiff filed a Memorandum in Opposition to Maxway Freight's Motion ("First Opposition") (ECF 30) and a Memorandum in Opposition to Penske's Motion for Judgment on the Pleadings and Joinder (ECF 38).  Maxway, Maxway Freight, Penske, and Shumway (together "Trucking Defendants") filed a Reply to Response to Motion ("Trucking Defendants' Reply") (ECF 33) and Plaintiff filed a Sur-Reply (ECF 45), which the court accepted in its Order Granting Leave to File Sur Reply (ECF 54).  Without leave of court, Plaintiff also filed an Amended Memorandum in Opposition to both Maxway Freight and Shumway's Motions to Dismiss for Lack of Jurisdiction (ECF 55, 56).  In Response to the United States' Motion, Plaintiff ultimately filed an Amended Memorandum in Opposition ("Opposition to United States' Motion") (ECF 60) and the United States filed a Reply to Response (ECF 61).

Most recently, after all responsive motions had been fully briefed, Plaintiff filed a Motion for Leave to File an Amended Complaint and Memorandum in Support ("Motion to Amend") (ECF 63).  Trucking Defendants filed a Memorandum in Opposition ("Trucking Defendants' Opposition") (ECF 64).  The United States also filed a Memorandum in Opposition ("United States' Opposition") (ECF 65) and Plaintiff ultimately filed a Reply to the Trucking Defendants' Opposition (ECF 66) and an Amended Reply to the United States' Opposition (ECF 68).  All the motions in this matter are fully briefed.

## II.   DISCUSSION

Both the United States and Trucking Defendants seek dismissal of Plaintiff's action for lack of subject matter jurisdiction under Federal Rule of Procedure 12(b)(1) and 12(h)(3). District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  A suit arises under federal law in two ways. *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  The first is where federal law creates the cause of action.  *Id.* (quoting *American Well Works v. Layne*, 241 U.S. 257, 260 (1916)).  The second is when the matter in controversy exceeds the sum or value of $ 75,000 and is between citizens of different States.  28 U.S.C. § 1332(a).  Where no subject matter jurisdiction exists, the court must dismiss the complaint.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  That can be done by way of Federal Rule of Civil Procedure 12(b)(1) or under Rule 12(h)(3).  Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

With respect to Federal Rule of Civil Procedure 12(b)(1), motions to dismiss for lack of jurisdiction take one of two forms: (1) facial attacks and (2) factual attacks.  *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).  Under a facial attack, the movant merely challenges the sufficiency of the complaint, requiring the court to accept the allegations in the complaint as true.  *Id.* at 1002.  When a party attacks the factual basis for subject matter jurisdiction, the court does not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts.  *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000).  Though no party addresses this distinction, the court construes the United States motions as a factual attack as it references the allegations in the Complaint but

4

also challenges some of those allegations with additional evidence. The challenge to subject matter jurisdiction based on lack of diversity is a facial attack as it merely challenges the sufficiently of the allegations in the Complaint.

In undertaking its analysis, the court also is mindful that Plaintiff is acting pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

### A. The court should grant the United States' Motion and dismiss it from the action.

The United States moves for dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) arguing that the alleged tortfeasor, Shumway, was not an employee of the United States, but rather an employee of its contractor Maxway (ECF 58).

The United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act ("FTCA") provides a limited waiver of the United States' sovereign immunity for tort claims. 28 U.S.C. § 2679. Under the FTCA, sovereign immunity is waived for injuries caused by a "negligent or wrongful act or omission" performed by a federal employee while acting within the scope of his employment. *Id*. § 2679(b)(1). However, a contractor with the United States is not considered a government employee or agent of the government. 28 U.S.C. § 2671. For a corporation to fall under the FTCA, it must be primarily acting as an instrumentality or agency of the United States.

*Id.* Therefore, the FTCA does not extend to independent contractors. While Plaintiff has cited to cases outside the Tenth Circuit to decide this question (ECF 30, 60), there is controlling guidance within the Tenth Circuit this court must follow. In the Tenth Circuit, the court looks at the degree of control exercised by the United States and whether it supervised the day-to-day operations or controlled the detailed physical performance of the contractor in determining whether the contractor is an employee or independent. *Lilly v. Fieldstone*, 876 F.2d 857, 858 (10th Cir. 1989).

In *Lily*, the Tenth Circuit reversed the trial court's determination that a doctor working at an army hospital was an employee of the United States using seven factors: "(1) the intent of the parties; (2) whether the United States controls only the end result or may also control the manner and method of reaching the result; (3) whether the person uses her own equipment or that of the United States; (4) who provides liability insurance; (5) who pays social security tax; (6) whether federal regulations prohibit federal employees from performing such contracts; and (7) whether the individual has authority to subcontract to others." *Lily*, 876 F.2d at 859 (citing *Norton v. Murphy*, 661 F.2d 882 (10th Cir. 1981)).

As to the first factor, the United States' contract with Maxway establishes the parties' intent for Maxway to provide trucking services to the United States as an independent contractor (ECF 58 at 2–4). As to the second factor, Plaintiff submits conclusory allegations that the United States had control over how Maxway fulfilled its obligations under the contract, but the contract between Maxway and the United States Postal Services indicates Maxway's only obligation was to transport the mail between postal office locations (ECF 58-1 at ¶ 5, 58-4 at ¶ B-1.1). On the third factor, Maxway used its own equipment (leased from Penske) to meet the work obligations

(ECF 58-1 at ¶ 6). On the fourth and fifth factors, Maxway provided liability insurance for Shumway and paid social security tax on behalf of Shumway (ECF 58-1 at ¶ 15, 17; ECF 58-4 at ¶ B.7). As to the sixth factor, the United States asserts that federal employees are prohibited from performing or being awarded the types of contract Maxway entered with the United States (ECF 58-1 at ¶ 19), and the Plaintiff does not offer any conflicting factual information. And lastly, the contract between the United States and Maxway provided Maxway with the authority to subcontract with others without any input from the United States (ECF 58-4 at ¶ B.16). The factors set out in *Lily* and the evidence in this case supports the United States' argument that Maxway was an independent contractor.

This conclusion is also consistent with the Sixth Circuit which held that the United States Postal Service's contract transportation service providers were considered independent contractors and not employees of the United States. *See Fisher v. U.S.*, 356 F.2d 706 (6th Cir. 1966) (Sixth Circuit determined that an individual who had a contract with the Postal Service for transportation of the mail was an independent contractor where the work was delegated to the person performing the work).

For the reasons stated above, this court has determined that the United States is immune from suit and therefore recommends the United States be dismissed. The remainder of the undersigned's analysis will focus on the Trucking Defendants' arguments related to diversity jurisdiction raised in Maxway's Motion (ECF 15).

**B.   The court should grant Maxway's Motion and dismiss Plaintiff's remaining claims for lack of subject matter jurisdiction.**

In Maxway's Motion, the Trucking Defendants argue Plaintiff has failed to make prima facie showing of subject-matter jurisdiction in this case as she has failed to establish complete

diversity between the Plaintiff and the Defendants (ECF 14). In addition, the Trucking Defendants assert that the Federal Motor Carriers Safety Act does not give rise to a private right of action, which coupled with the arguments related to lack of federal question jurisdiction, eliminates the possibility of Plaintiff asserting supplemental jurisdiction against them.

1. **The court lacks federal question jurisdiction.**

As to the Trucking Defendants' argument regarding Plaintiff's assertion that Maxway violated the Federal Motor Carriers Safety Act, in her First Opposition Plaintiff clarified that she has not asserted any such causes of action (ECF 30 at 6). Plaintiff confirms her only causes of action against Defendants relate to breaches of the duty of care "under both state and federal law enacted to protect her from harm" (ECF 30 at 6). Plaintiff does not specifically identify which state and federal laws. The court will not reach the merits of the Trucking Defendants' arguments on the Federal Motor Carriers Safety Act as Plaintiff has confirmed she has not asserted a claim for violation of the Federal Motor Carriers Safety Act. Because the court is recommending dismissal of the United States and all FTCA claim against it, no federal question jurisdiction exists for claims against the Trucking Defendants.

2. **The court lacks diversity jurisdiction.**

Regarding issues of diversity jurisdiction, 28 U.S.C. § 1332(a)(1), confers upon federal courts jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." Diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A corporation is deemed a citizen of every state in which it has been incorporated and any state in which it has its principal place of

business. 28 U.S.C. § 1332(c)(1). Plaintiff's Complaint itself asserts that each Trucking Defendant is a citizen of Utah, incorporated in Utah or has its principal place of business here (*see, e.g.*, ECF 1 at ¶ 3(a) (Shumway "was and is a resident of Utah County, State of Utah); ¶ 5 (Maxway "is a Utah Corporation"); ¶ 6 (Mayway Freight "is a Utah limited liability company"); ¶ 7 ("Penske Truck Leasing Company is a Delaware corporation registered to do business in Utah"); ¶ 8 (Penske Truck Leasing Co LP and Penske Truck Leasing Corporation are "registered to do business in Utah"); and ¶ 9 (Penske Truck Leasing "Utah" Co LP is Defendant Penske Truck Leasing Co. LP's registered business name in Utah and it is "registered as a Utah Foreign Limited Partnership" with a Utah business address).[3] Plaintiff is also a citizen of Utah (ECF 1 at ¶ 1).

All Trucking Defendants are citizens, as businesses incorporated in the state of Utah, of the same state as Plaintiff. Because Plaintiff cannot establish diversity of citizenship among the remaining defendants, no federal jurisdiction exists. Because no federal question or diversity jurisdiction exists, dismissal of Plaintiff's Complaint is appropriate.

### C. Amendment of Plaintiff's Complaint would be futile.

Federal Rule of Civil Procedure 15(a)(2) provides that the court should freely give leave to amend when justice so requires. "The district court has 'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab.*

---

[3] The court need not resolve the issue if all Penske defendants intended to join the motion to dismiss as the court has an independent obligation to determine if "it lacks subject-matter jurisdiction." Fed. R. Civ. Pro. 12(h)(3).

*Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).  An amendment is futile if the claim, as amended, would be subject to dismissal.  *Jefferson County School Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

In her Motion to Amend, Plaintiff requests leave to remove "the term 'lease employee,'" to "restructur[e] sentences to more clearly to define the employer-employee relationships thus removing any ambiguity and confusion stated by defense counsel," and to add "clarifying statements with citations along with providing supportive documentation … pertaining to subject matter jurisdiction to remove any deficiencies stated by defense counsel" (ECF 63).  However, Plaintiff's Proposed Amended Complaint (ECF 63-1) still falls shorts of curing the jurisdictional deficiencies raised in the motions to dismiss currently before the court, and any amendment would therefore be futile.

While Plaintiff's Proposed Amended Complaint undoubtedly alleges that Shumway "had been working at the United States Postal facilities as an employee" (ECF 63-1 at ¶ 4), as discussed above, Shumway was not a United States Postal Service employee.  Other than her allegation, Plaintiff offers no support for the contention.  In support of her contention that the United States is not immune from suit, Plaintiff's Proposed Amended Complaint also includes additional citations and references to nonexistent Utah Code and cases from the Supreme Court of California (ECF 63-1 at ¶¶ 13, 15).  While the court is mindful of Plaintiff's pro se status, the newly raised cases and references to various provision of the Utah State code do not cure the

deficiencies outlined above.  Finally, in her motion, Plaintiff is silent as to how she will cure the diversity jurisdiction deficiencies outlined in this Order and, the Amended Complaint does not cure the jurisdiction issue.  Plaintiff's proposed Amended Complaint still alleges each Defendant is a citizen of Utah, incorporated in Utah or has its principal place of business here.  (ECF 63-1 ¶¶ 20, 21, 23, 24 and 25).

Plaintiff's reorganization and revised Amended Complaint is insufficient to cure the deficiencies raised by Defendants in their dispositive motions.  The court should therefore dismiss Plaintiff's Complaint and deny Plaintiff's Motion for Leave to Amend.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends the court:

1.) GRANT the United States' Motion to Dismiss (ECF 58) and dismiss the claims against the United States without prejudice;

2.) GRANT Maxway's Motion to Dismiss (ECF 14);

3.) GRANT Defendant Shumway's Motion to Dismiss (ECF 48);

4.) GRANT Defendant Maxway Freight's Motion to Dismiss (ECF 49);

5.) GRANT Defendant Penske's Motion for Judgment on the Pleadings (ECF 16);

6.) DISMISS Plaintiff's claims without prejudice; and

7.) DENY Plaintiff's Motion to Amend (ECF 63).

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy,

any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 13 August 2020.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah