IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SARITA WHITTINGTON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, MATTHEW FULLER SHUMWAY, an individual; MAXWAY, INC, a Utah Corporation; MAXWAY FREIGHT, LLC, a Utah Limited Liability Corporation; PENSKE TRUCK LEASING CORPORATION, a Delaware Limited Partnership; PENSKE TRUCK LEASING CO, LP, a Delaware Limited Partnership; PENSKE TRUCK LEASING "UTAH" CO, LP, a Utah registered business and subsidiary of Penske Truck Leasing,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING [71] REPORT AND RECOMMENDATION**<br><br>Case No. 2:19-cv-00984-DBB-CMR<br><br>District Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

　　　　The Report and Recommendation[1] issued by United States Magistrate Judge Cecilia M. Romero on August 13, 2020 recommends[2] the following actions: to GRANT the United States' Motion to Dismiss[3] and dismiss the claims against the United States without prejudice; to GRANT Defendant Maxway's Motion to Dismiss;[4] to GRANT Defendant Shumway's Motion

---

[1] Report and Recommendation, ECF No. 71, filed August 13, 2020.

[2] *Id.* at 11.

[3] United States' Motion to Dismiss ("U.S. Motion to Dismiss"), ECF No. 58, filed March 19, 2020.

[4] Defendant Maxway, Inc.'s Motion and Memorandum in Support to Dismiss for Lack of Jurisdiction, ECF No. 14, filed January 15, 2020.

to Dismiss;[5] to GRANT Defendant Maxway Freight's Motion to Dismiss;[6] to GRANT Defendant Penske's Motion for Judgment on the Pleadings;[7] to DISMISS Plaintiff's claims without prejudice; and to DENY Plaintiff's Motion to Amend.[8]

Plaintiff Sarita Whittington timely filed an Objection to the Report and Recommendation.[9] In it, Plaintiff objects to the determinations Magistrate Judge Romero made using the seven factors announced by the United States Court of Appeals for the Tenth Circuit in *Lilly v. Fieldstone*[10] that supported her conclusion that Defendant Maxway, Inc is an independent contractor and not an employee of the United States.[11] Based on this conclusion, Magistrate Judge Romero recommended granting the United States' Motion to Dismiss because it is immune from Plaintiff's suit.[12]

Pursuant to the requirements of Federal Rule of Civil Procedure 72(b), the court has conducted a de novo review of that portion of the report and its associated recommendations to which Plaintiff objected, as well as the record that was before Magistrate Judge Romero and her reasoning set forth in the Report and Recommendation.[13]

As provided in the Report and Recommendation, Plaintiff's Complaint against defendants Matthew Shumway ("Shumway"), the United States Postal Service, Maxway Inc.

---

[5] Defendant Matthew Shumway's Motion to Dismiss, ECF No. 48, filed March 2, 2020.

[6] Defendant Maxway Freight's Motion to Dismiss, ECF No. 49, filed March 2, 2020.

[7] Defendant Penske Truck Leasing Co LP's. Motion for Judgment on the Pleadings, ECF No. 16, filed January 30, 2020.

[8] Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 63, filed May 8, 2020.

[9] Plaintiff's Objections to Report and Recommendation ("Objection"), ECF No. 72, filed August 27, 2020.

[10] 876 F.2d 857, 858 (10th Cir. 1989).

[11] Objection at 1-7.

[12] Report and Recommendation at 7.

[13] 28 U.S.C. § 636(b).

("Maxway"), Maxway Freight LLC, Penske Truck Leasing Corp., Penske Truck Leasing Co. LP, Penske Truck Leasing "Utah" Co. L.P., and John Does brings various negligence-based tort claims under the Federal Tort Claims Act ("FTCA") for damages and injuries resulting from a 2017 traffic collision.[14] Shortly after Plaintiff filed the Complaint, the parties stipulated that the United States was to be substituted as a defendant in place of the United States Postal Service.[15]

The United States moved to dismiss Plaintiff's claims against it for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).[16] Specifically, the United States argued that the alleged tortfeasor, Shumway, was not an employee of the United States, but rather an employee of its contractor Maxway.[17] Because the United States, pursuant to the FTCA, has not waived its sovereign immunity against suits involving the employees of independent contractors, the United States argues that it is immune from Plaintiff's claims and this court lacks subject matter jurisdiction over them.[18]

Under the FTCA, the government's sovereign immunity against suit is waived for injuries caused by a "negligent or wrongful act or omission" performed by a federal employee while acting within the scope of his employment.[19] For a contractor to be considered a governmental employee for the purposes of determining whether or not the government has waived immunity for the employee's actions, that employee must be primarily acting as an instrumentality or agency of the United States.[20]

---

[14] Complaint, ECF No. 1, filed December 18, 2019.

[15] Order Granting Motion to Substitute United States as Defendant, ECF No. 46, filed February 28, 2020.

[16] U.S. Motion to Dismiss at 1.

[17] *Id.*

[18] *Id.*

[19] 28 U.S.C. § 2679(b)(1).

[20] 28 U.S.C. § 2671.

Courts within the Tenth Circuit use the seven factors provided in *Lilly v. Fieldstone* to make this determination. Those factors are as follows: "(1) the intent of the parties; (2) whether the United States controls only the end result or may also control the manner and method of reaching the result; (3) whether the person uses her own equipment or that of the United States; (4) who provides liability insurance; (5) who pays social security tax; (6) whether federal regulations prohibit federal employees from performing such contracts; and (7) whether the individual has authority to subcontract to others."[21]

Before applying these factors to the facts present in this case, the court acknowledges that Plaintiff has objected to the use of Tenth Circuit precedent to decide this issue.[22] Plaintiff would instead have the court rely on Ninth Circuit precedent.[23] The court cannot do this. As the Tenth Circuit has specified: "[a] district court must follow the precedent of this circuit, regardless of its views concerning the advantages of the precedent of our sister circuits."[24] The court is bound by the decisions of the Tenth Circuit and *must* follow them when those decisions are applicable.

Here it is evident that, under the *Lilly* factors, Maxway is an independent contractor and not an employee of the United States. Under 39 U.S.C. § 5005, the Postal Service may contract with independent contractors to transport mail.[25] Here, the intent of the parties is demonstrated through the formation of the contract between the United States and Maxway to provide trucking services to the United States as an independent contractor.[26] That contract between Maxway and

---

[21] *Lilly*, 876 F.2d at 859 (citing *Norton v. Murphy*, 661 F.2d 882 (10th Cir. 1981)).

[22] Objection at 6-7.

[23] *Id.* at 7.

[24] *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990).

[25] 39 U.S.C. § 5005(a)(3).

[26] U.S. Motion to Dismiss, Exhibit 1, Declaration of Shirley Lowery ("Lowery Declaration") at ¶¶ 7-10, ECF No. 58-1, filed March 19, 2020.

the United States Postal Services demonstrates that Maxway's only obligation was to transport the mail between postal office locations.[27] Maxway employed its own fleet of vehicles (leased from Penske) to fulfil this obligation.[28] Maxway, rather than the United States, provided liability insurance for Shumway and paid social security tax on behalf of Shumway.[29] Under current regulation, postal service employees are prohibited from performing or being awarded the type of contract Maxway entered with the United States.[30] And lastly, the Maxway possessed authority to subcontract others without having to seek input from the United States.[31]

Maxway is therefore an independent contractor and not an employee of the United States. Under the FTCA, the United States has not waived its immunity against the claims Plaintiff asserts against them, and this court does not have subject matter jurisdiction over those claims. The claims against the United States must be dismissed.

Plaintiff's objections to these determinations either ignore the evidence or are not supported by citation to applicable law, statute, or regulation. Instead of cognizable objections,

---

[27] Lowery Declaration at ¶ 5; Lowery Declaration, Exhibit C, Notice of Renewal of Transportation Services ("Contract Renewal") at ¶ B-1.1, ECF No. 58-4, filed March 19, 2020. The court notes that one of Plaintiff's objections is that the contract at issue expired in 2015, prior to the 2017 collision. Objection at 1-2. However, Plaintiff appears to be relying on the documents attached as Exhibit A to the Lowery Declaration, which indicate that the contract at issue had been renewed for the period from April 2011 to March of 2015. *See* Lowery Declaration, Exhibit A, Notice of Renewal of Transportation Services at 1, ECF No. 58-2, filed March 19, 2020. The Contract Renewal that the court relies on for the purposes of review shows that the contract at issue had been renewed for period from July 2015 to June 2019. *See* Contract Renewal at 1. Plaintiff's objection is therefore overruled.

[28] Lowery Declaration at ¶ 6.

[29] Lowery Declaration at ¶ 15, 17; Contract Renewal at ¶ B.7.

[30] In determining that this factor had been met, the Report and Recommendation relied on the paragraph of the Lowery Declaration in which the declarant offered that current postal service employees are prohibited from being awarded these types of contract. Report and Recommendation at 7; Lowery Declaration at ¶ 19. Plaintiff's objection as to this factor is that the United States did not provide citation to a specific federal regulation. Objection at 4-5. The regulation in question is 5 C.F.R. § 7001.102, which establishes restrictions on outside employment and business activities by current postal service employees including subcontracting to transport mail. Plaintiff's objection is overruled.

[31] Contract Renewal at § 2.2.3.

Plaintiff expresses disagreements with Magistrate Judge Romero's well-founded determinations or with the state of settled law. As another district court within the Tenth Circuit has noted: "[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of [her] authority."[32]

Having reviewed the record here, Plaintiff's objections are overruled. A de novo review confirms that the analysis and conclusion of Magistrate Judge Romero are correct. Therefore, the analysis and conclusion of Magistrate Judge are accepted and the Report and Recommendation[33] is adopted in its entirety.

**ORDER**

IT IS HEREBY ORDERED that the Report and Recommendation[34] is ADOPTED. It is the Order of this court as follows:

- The United States' Motion to Dismiss[35] is GRANTED and Plaintiff's claims against the United States are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;

- Defendant Maxway's Motion to Dismiss[36] is GRANTED;

- Defendant Shumway's Motion to Dismiss[37] is GRANTED;

- Defendant Maxway Freight's Motion to Dismiss[38] is GRANTED;

---

[32] *Jenkins v. Immedia, Inc.*, 2019 WL 2314972, at *2 (D. Colo. May 31, 2019) (quoting *Rader v. United States*, 2008 WL 4949168, at *3 (D. Colo. Nov. 17, 2008)).

[33] Report and Recommendation, ECF No. 71, filed August 13, 2020.

[34] Report and Recommendation, ECF No. 71, filed August 13, 2020.

[35] United States' Motion to Dismiss, ECF No. 58, filed March 19, 2020.

[36] Defendant Maxway, Inc.'s Motion and Memorandum in Support to Dismiss for Lack of Jurisdiction, ECF No. 14, filed January 15, 2020.

[37] Defendant Matthew Shumway's Motion to Dismiss, ECF No. 48, filed March 2, 2020.

[38] Defendant Maxway Freight's Motion to Dismiss, ECF No. 49, filed March 2, 2020.

- Defendant Penske's Motion for Judgment on the Pleadings[39] is GRANTED; and

- Plaintiff's Motion to Amend is DENIED.[40]

Based on the foregoing, IT IS THEREFORE ORDERED that this case is DISMISSED without prejudice. The clerk is directed to close the case.

Signed September 28, 2020.

BY THE COURT

_____
David Barlow
United States District Judge

---

[39] Defendant Penske Truck Leasing Co LP's. Motion for Judgment on the Pleadings, ECF No. 16, filed January 30, 2020.

[40] Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 63, filed May 8, 2020.